# Exhibit A
# Part 1

7001 2510 0006 5698 2530

PRICEWATERHOUSECOOPERS

PricewaterhouseCoopers LLP
One North Wacker
Chicago IL 60606
Telephone (312) 298 2000

April 1, 2003

Internal Revenue Service Center
Cincinnati, Ohio 45999-0002

Re: Caterpillar Inc.
EIN: 37-0602744
Period of Claim: July 1, 2001 – March 31, 2003

Dear Sir or Madam:

Enclosed is Form 8849 (Claim for Refund of Excise Taxes), with attachment, and Form 2848 (Power of Attorney and Declaration of Representative) for Caterpillar Inc. As discussed in the attachment to Form 8849, we respectfully request a refund for communications excise taxes collected from Caterpillar pursuant to Section 4251 of the Internal Revenue Code.

Please direct all correspondence to:

PricewaterhouseCoopers L.L.P.
Atten: Larry Fee
One North Wacker
Chicago, Illinois 60606

If you need additional information, please call me at (312) 298-2474. Thank you for your assistance in this matter.

Sincerely,

Larry Fee

Larry Fee
Partner

Form **8849** (Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: CATERPILLAR INC.

Employer identification number (EIN): 37-0602744

Address (number, street, room or suite no.): 600 WEST WASHINGTON STREET

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: EAST PEORIA IL

ZIP code: 61630-3323

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 12

Daytime telephone number (optional):

**Caution:** ***Do not** use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on **Schedule C (Form 720)**, Claims, or **Form 4136**, Credit for Federal Tax Paid on Fuels, **Form 2290**, Heavy Highway Vehicle Use Tax Return, or **Form 730**, Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

Robin D. Beran (signature) — Signature and title (if applicable)

24 MAR 03 — Date

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.**



ISA
STF FED8849F

| Schedule 6 (Form 8849) (Rev. January 2003) | Department of the Treasury — Internal Revenue Service **Other Claims** ▶ Attach to Form 8849. | OMB No. 1545-1420 |
|---|---|---|
| Name as shown on Form 8849: CATERPILLAR INC. | EIN or SSN: 37-0602744 | Total refund (total of lines 1 - 5): $ 299,871 |

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ July 1, 2001 Latest date ▶ March 31, 2003

**Claimant's registration number** for Section 4091(d) claims. ▶ ______

| Tax | Amount of refund | CRN |
|---|---|---|
| 1 720 - Quarterly Federal Communication Excise Tax | 299,871 | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

See Attached

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1 - 5, including refunds of excise taxes reported on:

- **Form 720**, Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290**, Heavy Highway Vehicle Use Tax Return;
- **Form 730**, Monthly Tax Return for Wagers; and
- **Form 11-C**, Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use **Form 720X**, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on the return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

Form 8849 Attachment

| | |
|---|---|
| Name of Claimant: | Caterpillar Inc. |
| Employer Identification Number: | 37-0602744 |
| Type of Return Filed: | 720 (No. 22) |
| Excise Tax: | Communication Excise Tax |
| Period of Claim: | July 1, 2001 – March 31, 2003 |
| Income Tax Year: | December 31 |
| Amount to be Refunded: | $ 299,871 plus interest (see last paragraph of this Attachment) |

This claim is for taxes collected from Claimant, whether directly or through its long distance provider in connection with excise taxes on communication services (the "Communication Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communication Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and as a result, these services are exempt from the Communication Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (*i.e.*, calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Service Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communication Services Excise Tax because this is not a "local telephone service," a "toll telephone service," (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service."

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252 (b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CD 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through the Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

**Caterpillar Inc**
**Federal Excise Tax Refund**
**For the period of July 1, 2001 to March 31, 2003**

| Quarter | Total Federal Excise Tax Paid |
|---|---|
| 3rd Qtr 01 Total | 47,462.82 |
| 4th Qtr 01 Total | 44,887.44 |
| | - |
| 1st Qtr 02 Total | 39,612.19 |
| 2nd Qtr 02 Total | 42,378.96 |
| 3rd Qtr 02 Total | 40,791.04 |
| 4th Qtr 02 Total | 40,214.22 |
| | - |
| 1st Qtr 03 Total | 44,524.76 |
| Grand Total | 299,871.43 |

Form **2848** (Rev. January 2002)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name ____________
Telephone ____________
Function ____________
Date / /

**Part I** Power of Attorney (Type or print.)

1 **Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| CATERPILLAR INC.<br>600 WEST WASHINGTON STREET<br>EAST PEORIA IL 61630-3323 | | 37-0602744 |
| | Daytime telephone number<br>309-675-3868 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Larry Fee PricewaterhouseCoopers<br>One North Wacker<br>Chicago, Illinois 60606 | CAF No. 4005-57240R<br>Telephone No. 312-298-2474<br>Fax No. 312-298-7317<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>Michaelene Ksycki PricewaterhouseCoopers<br>One North Wacker<br>Chicago, Illinois 60606 | CAF No. 3206-28823R<br>Telephone No. 312-298-3674<br>Fax No. 312-298-8334<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No. ____<br>Telephone No. ____<br>Fax No. ____<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Communication Excise Tax | 8849 | July 1, 2001 - |
| | | March 31, 2003 |
| | | |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . . . . . . . . . . . ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ____________

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ____________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☒

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☒

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Robin D. Beran — 24 MAR 03 — ASSISTANT TREASURER

Signature — Date — Title (if applicable)

Print Name

Signature — Date — Title (if applicable)

Print Name

**Part II Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | IL | [signature] Lee | 3-17-2003 |
| B | IL | Michael Boyd | 3-17-2003 |
| | | | |



STF FED4675F.2

KELLEY DRYE & WARREN LLP
A LIMITED LIABILITY PARTNERSHIP

101 PARK AVENUE NEW YORK, NY 10178

TELEPHONE (212) 808-7800
FAX (212) 808-7897

1200 19TH STREET, N.W.
SUITE 500
WASHINGTON, DC 20036
(202) 955-9600
FAX (202) 955-9792

333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606
(312) 857-7070
FAX (312) 857-7095

200 KIMBALL DRIVE
PARSIPPANY, NJ 07054
(973) 503-5900
FAX (973) 503-5950

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT 06901
(203) 324-1400
FAX (203) 327-2669

TYSONS CORNER
8000 TOWERS CRESCENT DRIVE
SUITE 1200
VIENNA, VA 22182
(703) 918-2300
FAX (703) 918-2450

106 AVENUE LOUISE
1050 BRUSSELS, BELGIUM
(32)(2) 646-1110
FAX (32)(2) 640-0589

AFFILIATE OFFICES

SOEBAGJO, JATIM & DJAROT
PLAZA MASHILL, 17TH FLOOR
JALAN JEND, SUDIRMAN KAV. 25
JAKARTA 12920 INDONESIA
(62)(21) 522-9765
FAX (62)(21) 522-9752

WAKHARIYA & WAKHARIYA
41 BAJAJ BHAWAN
226 NARIMAN POINT
MUMBAI 400 021 INDIA
(91)(22) 22810336
FAX (91)(22) 22810337

ROBERT I. AAMOTH*
DANNY E. ADAMS*
ROBERT B. ADAMS
TALAT M. ANSARI
STEVEN A. AUGUSTINO*
MARK I. BANE
M. RIDGWAY BARKER*
DAVID E. BARRY
DAVID S. BATCHELLER, P.A.*
ROBERT D. BICKFORD, JR.
MARY JO BOLDINGH*
JOSEPH A. BOYLE
RICHARD W. BRADY
SAMUEL A. BRODNAX, JR.*
RICHARD G. BRODRICK
STEVEN P. CALEY
JOHN M. CALLAGY
BRIAN J. CALVEY
JONATHAN E. CAMIS*
JOHN T. CAPETTA*
JAMES E. CARR
JOSEPH T. CASEY, JR.*
GEOFFREY W. CASTELLO
CAROLYN E. CAUFIELD
RICHARD S. CHARGAR
JUSTINE M. CLARK
RICHARD J. CONCANNON
JONATHAN K. COOPERMAN
JOHN J. COSTELLO
ROBERT E. CROTTY
EUGENE T. D'ABLEMONT
JOHN DAMES*
TODD D. DAUBERT
BARRY DAVIDOW
RICHARD E. DONOVAN
PAUL F. DOYLE
W. CHRISTIAN DREWES
ROBERT EHRENBARD
WILLIAM A. ESCOBAR
WALTER T. FAULKNER
CHRISTOPHER O. FITZPATRICK
S. HARMON FRANKEL
ROBERT J. FRIEDMAN
JOHN A. GARRATY, JR.
PAUL W. GARRITY
JOHN F. GIBBONS
GOV. JAMES S. GILMORE, III*
WILLIAM B. GOLDEN, JR.
SUSAN GREENSPON*
MARK S. GREGORY*
ROBERT L. HAIG
JAMES B. HAYS
WILLIAM C. HECK
RANDI-JEAN G. HEDIN
JOHN J. HEITMANN
BARBARA E. HOEY
JOSEPH B. HOFFMAN*
BUD G. HOLMAN
EDWARD J. HUNTER
JOHN G. IMMER*
MICHAEL S. INSEL
JANE E. JABLONS
PAUL A. KEENAN
HENRY T. KELLY*
THOMAS B. KINZLER
JAMES J. KIRK
KENNETH KIRSCHNER
WILLIAM A. KROHLEY
ERIC G. KUSKEY
ALAN J. LASKA
TIMOTHY E. LAVENDER*
PATRICIA M. LEE
RICHARD E. LURY
JOHN J. LYNAGH
PAUL G. MADISON*
GEORGE J. MARCHESE
CHRISTINA M. MASON
PAUL F. MCCURDY
GREGORY M. MCKENZIE
NEIL MERKL
JACOB J. MILES
GENEVIEVE MORELLI*
JUN MORI*
BRAD MUTSCHELKNAUS*
FREDERIC S. NATHAN
JAMES V. O'GARA
SUSAN J. ONUMA
CHRISTOPHER C. PALERMO
NICHOLAS J. PANARELLA
DAVID A. RAMMELT*
SARAH L. REID
DAVID E. RETTER
FREDERIC A. RUBINSTEIN
JOEL R. RUBLIN
JEROME A. SCHIFFERLI*
RICHARD A. SIEGAL
FRANCIS Y. SOGI
JULIAN SOLOTOROVSKY*
MARK R. SOMMERSTEIN
STEPHEN W. STEIN
JONATHAN STOLER
MERRILL B. STONE
DAVID E. SUDZUS*
STEVE SZCZEPANSKI*
SLAVEYA E. TEITZ
ANDRÉ VAN LANDUYT*
DAVID L. VAUGHAN
SHASHIR S. WAKHARIYA
PETER WOLFRAM
KEITH R. WOFFORD
STEPHEN A. WOOD*
EDWARD A. YORKGITIS, JR.*
KYUHONG YUN
HARVEY FOLKS ZIMAND

COUNSEL

SAMUEL E. CROSS
AVERY FISCHER
HON. JAMES A. GOODMAN*
LELAND J. MARKLEY
HON. FRANCIS T. MURPHY
PHILIP V. PERMUT*
FREDERICK T. SHEA
JOHN W. SIMPSON*

*NOT ADMITTED IN NEW YORK

January 31, 2005

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*

Internal Revenue Service Center
Cincinnati, OH 45999-0002

Re: Caterpillar, Inc. – (EIN: 37-0602744)

Dear Sir or Madam:

Enclosed please find refund claims with respect to the federal communications excise tax for the periods April 1, 2003 through December 31, 2004. Also enclosed is a power of attorney.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Very truly yours,

Jacob J. Miles

Enclosures

NY01/TORMC/989282.1

Form **8849** (Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: CATERPILLAR, INC.

Employer identification number (EIN): 37-0602744

Address (number, street, room or suite no.): 100 N.E. ADAMS STREET

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: PEORIA IL

ZIP code:

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 12

Daytime telephone number (optional):

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720)****, Claims, or* ***Form 4136****, Credit for Federal Tax Paid on Fuels,* ***Form 2290****, Heavy Highway Vehicle Use Tax Return, or* ***Form 730****, Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

Robin D. Beran Assistant Treasurer — 21 Jan 05

Signature and title (if applicable) — Date

Robin D. Beran

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.** Form **8849** (Rev. 1-2003)

ISA
STF FED8849F

**Schedule 6 (Form 8849)** (Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1 - 5) |
|---|---|---|
| CATERPILLAR, INC. | 37-0602744 | $ 200,000 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ April 1, 2003 Latest date ▶ June 30, 2004

**Claimant's registration number** for Section 4091(d) claims. ▶ ______

| Tax | Amount of refund | CRN |
|---|---|---|
| 1 April 1, 2003 - June 30, 2003 | $ 40,000 | |
| 2 July 1, 2003 - September 30, 2003 | 40,000 | |
| 3 October 1, 2003 - December 31, 2003 | 40,000 | |
| 4 January 1, 2004 - March 31, 2004 | 40,000 | |
| 5 April 1, 2004 - June 30, 2004 | 40,000 | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

See attachments.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1 - 5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on the return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

**Schedule 6 (Form 8849)** (Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1 - 5) |
|---|---|---|
| Caterpillar, Inc. & Subsidiaries | 37-0602744 | $ 80,000 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ July 1, 2004 Latest date ▶ December 31, 2004

**Claimant's registration number** for Section 4091(d) claims. ▶

| | Tax | Amount of refund | CRN |
|---|---|---|---|
| 1 | July 1, 2004 - September 30, 2004 | $ 40,000 | |
| 2 | October 1, 2004 - December 31, 2004 | 40,000 | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

See attachments.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1 - 5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X****, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on the return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

Form 8849 Attachment

Name of Claimant: Caterpillar, Inc. and Subsidiaries
Employer Identification Number: 37-0602744
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: April 1, 2003 – June 30, 2003
Income Tax Year: December 31, 2003
Amount to be Refunded: $40,000 plus interest

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

Form 8849 Attachment

Name of Claimant: Caterpillar, Inc. and Subsidiaries
Employer Identification Number: 37-0602744
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: July 1, 2003 – September 30, 2003
Income Tax Year: December 31, 2003
Amount to be Refunded: $40,000 plus interest

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

Form 8849 Attachment

Name of Claimant: Caterpillar, Inc. and Subsidiaries
Employer Identification Number: 37-0602744
Type of Return Filed: 720 (No. 22)
Excise Tax: Communications Excise Tax
Period of Claim: October 1, 2003 – December 31, 2003
Income Tax Year: December 31, 2003
Amount to be Refunded: $40,000 plus interest

This claim is for taxes collected from Claimant, whether directly or through its long distance provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's long distance provider has collected such taxes from Claimant on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

Assuming arguendo that the VPN services do not qualify in their entirety as tax-exempt "private communication services," then, (1) to the extent the VPN services are attributable to intra-corporate communication services (i.e., calls between offices of Claimant's affiliated group), such services qualify as "private communication services" and are thus exempt from the Communications Services Excise Tax; and (2) charges for facsimile transmission service are not subject to the Communications Service Excise Tax because this is not a "local telephone service," a "toll telephone service" (inasmuch as it does not provide a telephonic quality communication) or a "teletypewriter exchange service".

In any event, long distance telephone service provided to Claimant does not constitute "toll telephone service," within the meaning of Code Section 4252(b), and is therefore exempt from the communications excise tax, to the extent the charge does not vary in amount with the distance of each individual communication.

This claim for refund is inconsistent with Technical Advice Memoranda 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review through Claimant's long distance provider, however, upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.