No. 06-217 T
Honorable Judge Lawrence S. Margolis

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CATERPILLAR INC.,
Plaintiff,

v.

UNITED STATES OF AMERICA
Defendant.

**MOTION FOR A PROTECTIVE ORDER**

Pursuant to RCFC 26(c)(7), Plaintiff Caterpillar Inc., ("Plaintiff"), respectfully requests that this Motion for a Protective Order be entered by this Court, for the purpose of preserving and maintaining the confidentiality of certain information that may be disclosed by Plaintiff in the course of this litigation. In order to determine the amount of the overpayment of telephone excise taxes due to Plaintiff, Plaintiff must provide defendant United States of America ("Defendant") with Plaintiff's telecommunications agreements and documents that demonstrate that the tax was collected from Plaintiff. The rates, terms and conditions in the agreements and related documents are confidential and proprietary to Plaintiff and its telecommunications carriers.

Defendant United States has indicated that it does not object to this Motion for a Protective Order.

Plaintiff wishes to prevent the disclosure of the following documents outside of this litigation:

1. AT&T Service Order Agreement, dated 4/25/2003;
2. AT&T Service Order Agreement, dated 2/9/2004;
3. Sprint Customer Service Agreement, dated 11/1/2000;
4. Sprint First Amendment to Customer Service Agreement, dated 11/30/2001;
5. Sprint Second Amendment to Customer Service, dated 11/21/2003;
6. Sprint Third Amendment to Customer Service Agreement, dated 4/27/2004;
7. Sprint Fourth Amendment to Customer Service, dated 12/17/2004;
8. Sprint PCS Advantage Agreement for Business, dated 1/11/2001;
9. Sprint Amendment Number 1 to PCS Advantage Agreement for Business, dated 2/12/2001;
10. Sprint Amendment Number 2 to PCS Advantage Agreement for Business, dated 6/18/2003.

Plaintiff does not object to the disclosure of the aforementioned documents to any expert retained by Defendant for purposes of this litigation or to any Internal Revenue Service personnel who may assist Defendant for excise tax payment verification purposes.

Plaintiff may disclose additional documents, in which case Plaintiff will submit an additional motion for entry of a supplementary confidentiality order, if those documents are deemed confidential and proprietary to Plaintiff and its telecommunications carriers.

Plaintiff shall mark "**PROTECTED INFORMATION ENCLOSED"** on the outside of any parcel containing the information. Each document containing protecting information shall be marked **"CONFIDENTIAL."**

Plaintiff agrees that Defendant may object to the designation of any of the documents under the Protective Order. Should the parties be unable to resolve the objection informally, the objecting party may submit the dispute to the Court for resolution. Until the Court resolves the dispute, the disputed document(s) shall remain subject to the Protective Order.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion for a Protective Order.

Respectfully submitted,

By: /s/ Paul L. Kattas ______
Paul L. Kattas, Esq

**KELLEY DRYE & WARREN LLP**
Jacob J. Miles, Esq.
Joseph A. Boyle, Esq
200 Kimball Drive
Parsippany, New Jersey 07054

**Attorneys for Plaintiff**
**Caterpillar Inc.**