No. 06-217 T
Honorable Judge Lawrence S. Margolis

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CATERPILLAR INC.,
Plaintiff,

v.

UNITED STATES OF AMERICA

Defendant.

**PROTECTIVE ORDER**

In accordance with the agreement of the parties, the Court enters this Protective Order. It is ordered that protected information provided formally or informally during the course of this action, shall be disclosed by the parties only as follows:

1. Protected information as used herein means:

    1. AT&T Service Order Agreement, dated 4/25/2003;
    2. AT&T Service Order Agreement, dated 2/9/2004;
    3. Sprint Customer Service Agreement, dated 11/1/2000;
    4. Sprint First Amendment to Customer Service Agreement, dated 11/30/2001;
    5. Sprint Second Amendment to Customer Service Agreement, dated 11/21/2003;
    6. Sprint Third Amendment to Customer Service Agreement, dated 4/27/2004;
    7. Sprint Fourth Amendment to Customer Service, dated 12/17/2004;
    8. Sprint PCS Advantage Agreement for Business, dated 1/11/2001;

9. Sprint Amendment Number 1 to PCS Advantage Agreement for Business, dated 2/12/2001;
10. Sprint Amendment Number 2 to PCS Advantage Agreement for Business, dated 6/18/2003.

2. Protected information shall be used by the parties solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

(a) Except as provided in paragraphs 2(b) and (c), the only persons who may be given access to protected information are (i) legal counsel for a party; (ii) independent consultants and experts assisting such counsel in connection with the litigation; and (iii) Internal Revenue Service personnel who may assist Defendant for excise tax payment verification purposes.

(b) Paralegal, clerical, and administrative support personnel and Internal Revenue Service personnel assisting counsel may be given access to protected information if such personnel have first been informed by such counsel of the obligations imposed by this Protective Order.

(c) Court and Department of Justice personnel are automatically subject to the terms of this Protective Order and are entitled to access to protected information without further action.

3. Protected information of any kind may be provided only to the Court and to individuals authorized by this Protective Order, and must be in a sealed parcel containing the legend **"PROTECTED INFORMATION ENCLOSED"** conspicuously placed on the outside of the parcel containing the information. A copy of the certificate of service identifying the document being filed should be attached to the front of each parcel.

4. Each document containing protected information is to be clearly marked **"CONFIDENTIAL."**

5. Any party may at any time object to another party's designation of particular information as protected. If the parties are unable to resolve the matter by agreement, counsel for the objecting party may submit the matter to the court for resolution. Until the Court resolves the matter, the disputed information shall be treated as protected.

6. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of protected information, including, but not limited to, physically securing, safeguarding and restricting access to the protected information. The confidentiality of information learned pursuant to this Protective Order shall be maintained in perpetuity.

7. Within thirty (30) days after the conclusion of this action (including any and all appeals and remands), counsel for each party shall (i) destroy all protected information and certify in writing that such destruction has occurred and/or (ii) return the protected information to the party from which the information was received. Provided the documents are marked protected and are properly secured, counsel for each party may retain one copy of the unredacted pleadings.

8. Any party whose information has been designated as protected may at any time waive the protection of this Protective Order with respect to any and all such information by so advising counsel in writing, identifying with specificity the information to which this Protective Order shall no longer apply.

9. Nothing contained in this Protective Order shall preclude a party from seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought.

10. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as protected, and thereafter the designated document shall be treated in accordance with this Protective Order.

11. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for the opposing party. Upon discovery of any breach, the parties shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

______________________________

**JUDGE LAWRENCE S. MARGOLIS**